

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor, Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-6108
Re: Fees of Constable in
serving process and
attending an examining
court in the examination
of a felony case, and
a related matter,

Your letter of July 8, 1944, requesting the opinion of this department on the questions stated therein is, in part, as follows:

"* * * Is the Constable entitled to a fee for taking bond in a Felony Examining Trial in the Justice Court, the bond being for the purpose of binding the defendant to appear before the Grand Jury?

"If the Constable is entitled to a fee for taking a bond in a Felony Examining Trial what is the amount and under what article of the Statutes?

"This County is under the Officers Salary Law and the County officers paid a salary and the Precinct Officers are paid by fees, and more than 3000 votes are cast in the general elections.

"Art. 1029 CCP, Felony fees, does not give an amount to be paid either the Sheriff or Constable for taking bonds but Article 1065 CCP allows $1.50 to Sheriff or Constable for taking bond in a MISDEMEANOR case.

"In my opinion the Constable is not entitled to a fee for taking bond in a Felony Examining Trial and I have deducted such charges from the accounts, however I shall be pleased to have your opinion in the matter. "

Mr. H. A. Hodges, page 2

Article 1020, Vernon's Annotated Code of Criminal Procedure, provides, in part:

"* * * Sheriffs and constables serving process and attending any examining court in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in county court to be paid by the State, not to exceed four and no/100 ($4.00) dollars in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Articles 1029 and 1030, Code of Criminal Procedure, as the facts may be, but no mileage whatever shall be paid for summoning or attaching witnesses in the county where the case is pending. Provided no Sheriff or Constable shall receive from the State any additional mileage for any subsequent arrest of the defendant in the same case, or in any other case in an examining court or in any district court based upon the same charge or upon the same criminal act, or going out of the same criminal transaction, whether the arrest is made with or without a warrant, or before or after indictment, and in no event shall he be allowed to duplicate his fees for mileage for making arrests with or without warrant, or when two or more warrants of arrest or capiases are served or could have been served on the same defendant on any one day. * * *"

Article 1065, Vernon's Annotated Code of Criminal Procedure, allows certain fees for definite services performed which shall be paid the Sheriff or other peace officer performing the same services in misdemeanor cases. It will be noted that Article 1020, supra, provides, in effect, that the Sheriff or Constable serving process and attending any examining court in the examination of any felony case shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in county court, provided, such fee shall not exceed four dollars in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Article 1029 and Article 1030, Code of Criminal Procedure, as the facts may be. Williamson County has a population of 41,698 inhabitants according to the 1940 Federal Census. Therefore, Article 1029, Vernon's Annotated Code of Criminal

Procedure, is applicable to said county.

Article 1065, Vernon's Annotated Code of Criminal Procedure, provides, in part:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, two dollars.

"2. For summoning each witness, seventy-five cents.

"3. For serving any writ not otherwise provided for, one dollar.

"4. For taking and approving each bond, and returning the same to the court house, when necessary, one dollar and fifty cents.

"5. For each commitment or release, one dollar.

" * * *"

Section 17 of Article 3912e, Vernon's Annotated Civil Statutes, reads, in part:

"The term 'precinct officers' as used in this Act means justices of the peace and constables. * * * In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the county out of the Officers' Salary Fund such fees and commission as would otherwise be paid him by the State for such services."

Article 1020, Vernon's Annotated Code of Criminal Procedure, was amended in 1933, and Section 17 of Article 3912e was amended in 1927. Therefore, Section 17 of Article 3912e is controlling as to whom shall pay the above mentioned fees.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that the Constable is entitled to a fee for taking a bond in a felony examining trial and the amount of such fee is $1.50 as allowed by Article 1065, supra; the constable is entitled to such fees as are fixed by law for similar services in misdemeanor cases in county court for serving process and attending any examining court in the examination of any felony case, provided such fee shall not exceed $4.00 in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Article 1029, Vernon's Annotated Code of Criminal Procedure. Stated differently, it is the opinion of this department that in counties where the county officials are compensated on a salary basis and the precinct officers are compensated on a fee basis, the constable is entitled to the statutory fees for all services actually performed by him in felony cases handled in the examining court, subject to the above mentioned limitations, and said fees are to be paid the constable by the county out of the Officers' Salary Fund when fees would otherwise be paid him by the State for such services. However, before the constable is entitled to receive the above mentioned fees the defendant must be indicted by the grand jury. Under the provisions of Article 1019, Vernon's Annotated Code of Criminal Procedure, and Section 17, Article 3912e, Vernon's Annotated Civil Statutes, if the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail, or convicted of a misdemeanor, no costs shall be paid by the county to the constable. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases. Under the provisions of Article 1027, Vernon's Annotated Code of Criminal Procedure and Section 17 of Article 3912e, Vernon's Annotated Civil Statutes, in all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both, such fine and imprisonment in jail, the county shall pay no fees to the constable except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

AW:EP